IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02162-DDD-MEH

ALLISON STANTON,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC,
FEDERAL NATIONAL MORTGAGE ASSOCIATION, and
JAY FARNER,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court are the parties' respective Motions to Dismiss. ECF 8 & 22. The Defendants' Motion to Dismiss (ECF 8) is fully briefed, and the Court sees no need for further briefing of Plaintiff's Motion to Dismiss Foreclosure Action (ECF 22). The Court finds that oral argument will not materially assist in their adjudication. For the reasons that follow, the Court respectfully recommends granting the Defendants' Motion to Dismiss (ECF 8) and denying Plaintiff's Motion to Dismiss (ECF 22).

### **BACKGROUND**

As Defendants summarize in their Notice of Removal, "Plaintiff appears to seek the invalidation of her promissory note and the deed of trust securing that note." ECF 1 at 5. In addition, as she indicates in her Motion, Plaintiff also is using this federal lawsuit to hinder a state court foreclosure proceeding.

For purposes of this ruling, the Court accepts as true the factual allegations—but not any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in her

Complaint. ECF 28. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (accepting as true a plaintiff's factual allegations for purposes of Fed. R. Civ. P. 12(b)(6) analysis).

"Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir.2010). There are limited exceptions to this general rule by which a court may consider materials beyond the four corners of the complaint. *Id.* Two of those exceptions are: "(1) documents that the complaint incorporates by reference [and] (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id*. A court may consider such documents without converting a motion to dismiss into a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (permitting a court to take judicial notice of facts that are a matters of public record). *See also N.E.L. v. Gildner*, 780 F. App'x 567, 571 (10th Cir. 2019). On that basis, the Court includes for consideration the various documents that Plaintiff submits that are central to her claims for relief. This Court does so in order to better understand her grievance and theory of wrongdoing.

**I.     Alleged Facts**

Plaintiff bought a residential property in Aurora, Colorado on May 9, 2007. She paid for it with $195,000 that she borrowed from First Franklin Financial. ECF 22-1 at 10. Presumably, at some point thereafter, Rocket Mortgage, LLC assumed the original lender's legal interests and rights to the loan and its collateral.

On September 15, 2021, Plaintiff signed a document entitled "Legal Notice and Demand" of unclear purpose. ECF 16-1 at 16-24. It includes "a waiver of beneficial position . . . to take up the abandoned post of Trustee/Secured Party/Bailor/Bailee to manage the affairs of ALLISON STANTON TRUST for the benefit of beneficiaries thereinafter named in REGISTRY OF TRUST." *Id*. at 17.

On April 16, 2022, Rocket Mortgage, LLC sent Plaintiff (and third-party Fitzroy C. Fox) a bill in the amount of $36,710.70 which it said she owed on her loan. Payment was due on May 1, 2022. ECF 16-1 at 11. The record also contains a loan repayment coupon for the amount of $38,372.04 which was due on June 1, 2022. Plaintiff returned it with a $500.00 money order that she had bought on May 19, 2022 "for accord and satisfaction of all claims on the above account." *Id*. at 12. On May 31, 2022, Plaintiff sent Jay Farner as CEO of Rocket Mortgage, LLC an "Affidavit of Tender of Payment Acknowledgement and Discharge." *Id*. at 3-7. It referred to the money order as a negotiable instrument for full satisfaction of all claims on her loan account. *Id*. at 4, ¶ 24. She demanded confirmation of the immediate discharge of her debt. *Id*. at 6.

Plaintiff mailed additional documents to Jay Farner as CEO of Rocket Mortgage, LLC on June 29, 2022. ECF 16-3 at 1. This mailing included a "Certificate of Non-Response" and a "Notice of Default" by which Plaintiff notified Mr. Farner of the purported default resulting from his failure to respond to the "Tender of Payment" demand. *Id*. at 3-6.

Plaintiff informed Rocket Mortgage, LLC on July 13, 2022 that she had stopped paying the promissory note, but she offered to resume payments if Rocket Mortgage, LLC could establish lawful holder-in-due-course status. She insisted on the physical production of the original wet ink signed promissory note, or else she would consider Rocket Mortgage, LLC to be in administrative default. ECF 2 at 10.

Plaintiff commenced a civil action against Defendants in Colorado state court on July 27, 2022. ECF 1-1; ECF 14. As part of that civil action, Plaintiff sent Rocket Mortgage, LLC a "Petition for a Verification of Debt." Through it she asked Rocket Mortgage, LLC to produce (1) the original wet ink signed promissory note, (2) proof of note holder status and retained interest in the promissory note despite its securitization, and (3) stipulation that it is in fact a creditor to the "loan/security instrument." The stated purpose of her request was to establish whether Rocket

3

Mortgage, LLC has "standing in any future controversy." ECF 2 at 8-9. Plaintiff also sent a separate letter repeating her request for the above documentation and proof of claim. *Id*. at 11-12.

On August 18, 2022, Plaintiff informed the state court that she had filed with Arapahoe County a new deed of trust on her property. The "Deed of Full Reconveyance" identified "Unapologetic Ministries Foundation, LLC," as "the trustee under the Deed of Trust dated or near May 9, 2007, made and executed by ALLISON STANTON as Trustor(s) to MERS/ROCKET MORTGAGE LLC as beneficiary and recorded as Instrument No. [redacted]." *Id*. at 16-4 at 2. That document leaves unclear exactly who was transferring what property interest to whom.

Also on August 18, 2022, Plaintiff asked the state court to declare Defendants' claims against her null and void for their failure to provide the requested documentation. ECF 8-1 at 1-2. Plaintiff made the same request of this federal court on September 1, 2022, following the lawsuit's removal. ECF 12.

On September 15, 2022, Plaintiff executed a document creating the Unapologetic Ministries Revocable Living Trust. ECF 16-4 at 10-15. As the grantor, she transferred all her property interests and assets to "UNAPOLOGETIC MINISTRIES." *Id*. at 15. Presumably, the property transfer was meant to include the real property subject of this litigation, but the trust document is ambiguous whether Plaintiff transferred it to the trust or to the Unapologetic Ministries, LLC entity itself. Plaintiff also submits a variety of legal-type documents at ECF 16-4 at 4-9 whose purpose is unclear.

Rocket Mortgage, LLC sent Plaintiff a letter on October 5, 2022 regarding her request to transfer the title of her property into the trust. It advised her that she would not be responsible for the remaining loan balance if the specified criteria were met. It also recommended that she seek legal advice to ensure compliance with those criteria and proper recording of the transfer with local government. ECF 22-2 at 1.

Plaintiff filed with Arapahoe County a Warranty Deed dated October 19, 2022 between herself as grantor and Unapologetic Ministries Revocable Living Trust as grantee. *Id*. at 2. Presumably that document made the trust the owner of the subject residential property.

Plaintiff's Motion to Dismiss Foreclosure Action (ECF 22) indicates that one of the Defendants (she does not specify who) has commenced a foreclosure lawsuit in Colorado state court against her. For the same reasons she explains in her Complaint and other filings, she argues that the Defendant lacks standing or other legal interest in the property to seek foreclosure. This includes the failure to demonstrate owner or holder status of the note, physical possession of the note, and lawful chain of assignment of legal interests in the note. As such, she asks this federal court to dismiss that state foreclosure case with prejudice. In addition, she asks this federal court not only to discharge the debt, but to refund her the $78,200 she has paid towards it to date as well as to award her treble the loan's total amount as damages.

## II.   Claims for Relief

Plaintiff sues Defendants to compel them to produce the same information that she requested from Rocket Mortgage, LLC through the above-mentioned petition and letters. She also asks the Court "to order the defendant [presumably meaning Rocket Mortgage, LLC] to release all claims against [her] and grant rightful remedies due [her] at three times the amount." ECF 1-1 at 7. She believes that Mr. Farner's non-response to her "Tender of Payment" demand caused the debt to be discharged. ECF 17 at 2. She informed the state court that the amount of monetary relief she seeks exceeds $100,000.00. ECF 1-1 at 2. Arapahoe County appraised the subject property at $358,400.00 for 2022. ECF 1-2 at 1.

Plaintiff submits an expert witness's opinion statement that was prepared for an unrelated Michigan state court lawsuit. That expert witness opined on the meaning and effect of a "lawful money" repayment term in a promissory note. The expert witness concluded that the defendants

5

in that case (who had borrowed the money in the regular sense) was actually the lender and the plaintiff (the bank) was actually the borrower on the promissory note loan under his definition of money. ECF 16-2 at 1-14. The report presumably supports her argument that there is no way to "pay" that debt. ECF 17.

### III.  Removal

Defendants removed Plaintiff's lawsuit to this federal court invoking its subject matter jurisdiction on the basis of both federal question pursuant to 28 U.S.C. § 1331 and diversity of citizenship pursuant to 28 U.S.C. § 1332(a). In support of the former, Defendants note that Plaintiff seeks relief under two federal statutes. For the latter, Defendants assert that the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. Defendants plead in their Notice of Removal that Plaintiff is a citizen of Colorado; Rocket Mortgage, LLC is a citizen of Michigan and Delaware; Jay Farner is a citizen of Michigan; and the Federal National Mortgage Association ("Fannie Mae") is a District of Columbia corporation. ECF 1 at 4-5.

## LEGAL STANDARD

### I.  Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal

6

conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## II.     Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Dismissal under it is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (recognizing federal courts are courts of limited jurisdiction and "there is a presumption against our jurisdiction"). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). Rule 12(b) review entails "admit[ting] all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). Plaintiff bears the burden of establishing that this Court has jurisdiction to hear her claims. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015).

## ANALYSIS

## I.     Parties in Interest

Defendant Jay Farner contends that Plaintiff did not properly serve him with process, and even if she did, that this Court lacks personal jurisdiction over him in Michigan. He denies being an officer of the Rocket Mortgage, LLC entity, but even if he was, he would have no liability in his individual capacity as such in this matter. Defendant Fannie Mae denies any involvement. The Court adds that Plaintiff's filings suggest that she herself may lack any legal interest in the residential property, having purportedly transferred her ownership interest to the trust.

However, this Court does not decide whether Mr. Farner, Fannie Mae, or Plaintiff herself are proper litigants to this lawsuit. The Court declines to do so because this civil action suffers from other legal defects.

## II.     Plaintiff's Claims for Relief

Construed narrowly, Plaintiff asserts her claims for relief through two causes of action. First, she invokes the Administrative Procedures Act, 5 U.S.C. §§ 551-559 ("APA"). The APA governs federal executive branch rulemaking and adjudication procedures. Plaintiff does not identify how the APA pertains to private creditor-borrower relations generally or to the issues in this case specifically.

Second, Plaintiff seeks relief under 18 U.S.C. § 2071 which criminalizes the removal or destruction of federal government records. Plaintiff does not explain how that statute pertains to the issues in this case. Even if it did, Plaintiff may not use a criminal statute for a private cause of action. *Kaplan v. Archer*, No. 11-cv-02094-PAB-CBS, 2012 WL 3277170, at *16 (D. Colo. July 3, 2012). *See also Hickenlooper*, 859 F.3d at 904 (noting how a private citizen has no cognizable interest in the proper administration of the laws or the prosecution of another private citizen).

Construed broadly, the instant lawsuit constitutes Plaintiff's challenge to Defendants' ability to foreclosure their interest in the residential property as the collateral to secure the loan. To the extent Plaintiff bases her challenge on the fact that the promissory note was sold on the open market to third party investors, the Court notes case law that generally regards the securitization process as creating no impediment to the ability to seek foreclosure. *Ladouceur v. Wells Fargo*, 682 Fed. Appx. 649 (10th Cir. 2017); *U.S. Bank Nat'l Ass'n v. Nichols*, No. 19-cv-482-JED-FHM, 2019 WL 4276995, at *2 (N.D. Okla. Sept. 10, 2019).

## III.    Federal Subject Matter Jurisdiction

Because neither of the two federal statutes upon which Plaintiff relies provides her with a private civil cause of action, she lacks a question of federal law to support federal subject matter jurisdiction. Nevertheless, even if federal subject matter jurisdiction existed on the basis of the

parties' diverse state citizenship, the law would compel this Court to abstain from exercising it to avoid interference with the state court foreclosure proceeding.

For example, the *Rooker-Feldman* abstention doctrine, drawn from *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), prevents a federal district court from hearing claims that either were at issue before the state court or that are inextricably intertwined with the state court's ruling. The doctrine applies if a favorable ruling in the federal lawsuit requires finding the state court's ruling to be wrong or would render it ineffectual. *Crone v. Dep't of Hum. Servs.*, No. 11-cv-02270-WJM-CBS, 2012 WL 5832438 at *2-3. In other words, Plaintiff may not appeal the state court's ruling to this federal district court. *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233–34 (10th Cir. 2006); *Davis v. Schnurr*, 818 F. App'x 852 (10th Cir. 2020). This doctrine would apply if Plaintiff is using this federal lawsuit to obtain relief from the state court's ruling. *Grigat v. Mortg. Lenders Network USA, Inc.*, No. 17-cv-01305-CMA-MEH, 2017 WL 6033686 (D. Colo. Oct. 31, 2017) (finding the arguments that the plaintiff-borrower raised to challenge foreclosure—which are similar to those Plaintiff raises here in the instant lawsuit—to be inextricably intertwined with the state court foreclosure proceeding). *See also Salazar v. Pennymac Mortg. Inv. Tr. Holdings I, LLC*, No. 19-517 KG/LF, 2019 WL 445896, at *3 (D.N.M. Sept. 17, 2019) (applying the related principle of res judicata) and *Ortiz v. N.M. Fed. Sav. & Loan Ass'n*, No. 18-0059 RB/KK, 2018 WL 4346160 (D.N.M. Sept. 11, 2018) (preventing the plaintiff-borrower from collaterally attacking the state court's foreclosure judgment in federal court).

However, the record suggests that the state court has not yet rendered a final order of foreclosure against Plaintiff. If the state court proceeding remains open and pending, then the abstention doctrine from *Younger v. Harris*, 401 U.S. 37 (1971) applies. *Younger* abstention precludes a federal court from intruding into an ongoing state criminal prosecution, certain civil

enforcement proceedings, or civil proceedings that involve certain orders uniquely in furtherance of the state court's ability to perform its judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). *See also Kaplan*, 2012 WL 3277170 at *5. "*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002). Generally speaking, foreclosing a lender's interest against a parcel of residential property is a function that the state court normally handles.

Abstention warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(1) without prejudice for lack of federal subject matter jurisdiction. *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 668 n. 7 (10th Cir. 2020); *Kaplan*, 2012 WL 3277170 at *6.

### IV. No Leave to Amend

Dismissal of a case is a harsh remedy, and a pro se litigant's pleadings are to be construed liberally. Generally, a court may give such a litigant the opportunity to amend the complaint to cure a pleading defect. *Hall*, 935 F.2d at 1109-10; *Reynolds v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). However, a court may dismiss a complaint without an opportunity to amend if "it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." *Curly v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110). The Court finds dismissal is appropriate on jurisdiction abstention grounds. Leave to amend would not remedy that legal bar to proceeding with her foreclosure challenge in federal court.

## CONCLUSION

Accordingly, the Court recommends[1] that Defendants' Motion to Dismiss [filed August 30, 2022; ECF 8] be **granted** albeit for the sua sponte reason of federal subject matter jurisdiction abstention. As such, this Court recommends that this case be dismissed without prejudice, and that this case be closed without leave to amend the complaint. This Court recommends that Plaintiff's Motion to Dismiss Foreclosure Action [filed October 24, 2022; ECF 22] be **denied as moot** but without prejudice to raising her arguments against foreclosure in the state court proceeding.

Respectfully submitted this 3rd day of November, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.